IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAWN CHRISTOPHER KUHNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-679-CWB |
| | ) |
| OFFICER SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, who is an inmate confined at the Lee County Detention Center, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). By Order entered April 27, 2023, Plaintiff was informed that he must file a response to the Defendants' Special Report on or before June 8, 2023. (Doc. 19). The April 27, 2023 Order further informed Plaintiff that his wholesale failure to file a response would result in a recommendation of dismissal. (*Id*. at p. 1). Based upon Plaintiff's failure to file a response as directed, the undersigned Magistrate Judge issued a Recommendation that this action be dismissed without prejudice. (Doc. 20).[1]

Following Plaintiff's June 26, 2023 request for additional time to respond (Doc. 21), the undersigned vacated the Recommendation, directed the Clerk of Court to resend Plaintiff copies of Defendants' Special Report and the Order directing a response, and afforded Plaintiff until July 26, 2023 to submit the required response. (Doc. 22). Again, however, Plaintiff did not file a response to Defendants' Special Report by the imposed deadline.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, with consent now having been provided by the parties, this case has been reassigned to the undersigned Magistrate Judge to conduct all proceedings and enter final judgment. (Doc. 17).

1

The undersigned views such failure as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent Plaintiff's active participation. Considering Plaintiff's willful failure to file a response as directed, the undersigned finds that any lesser sanctions than dismissal would not be appropriate under the circumstances. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). The undersigned thus concludes that this action is due to be dismissed without prejudice.

Accordingly, it is **ORDERED** that this action be **DISMISSED** without prejudice and that no costs be taxed. A separate Final Judgment will be entered.

**DONE** this the 11th day of August 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**